IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:25-CV-000973-D-BM

| | | |
|---|---|---|
| JASON HEWETT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | **DEFENDANT'S ANSWER** |
| v. | ) ) | |
| ENJOY THE CITY NORTH, INC. d/b/a SAVEAROUND, | ) ) ) | |
| Defendant. | ) ) | |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant

Enjoy the City North, Inc. d/b/a SaveAround ("SaveAround"), responds to Plaintiff

Jason Hewett's ("Plaintiff") complaint as set forth below.  Unless otherwise

expressly admitted, all allegations in the complaint are denied.

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL[1]

1.      SaveAround admits that Congress enacted the Telephone Consumer

Protection Act of 1991, and that the quoted language in this paragraph appears in

Public Law No. 102-243, § 2(6), (9).  SaveAround lacks knowledge or information

---

[1] The headings from the complaint are set forth for organization purposes only.  To the extent that those headings contain allegations, SaveAround denies those allegations.

sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

2.      SaveAround admits that *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019), contains the passages quoted in this paragraph. Except as expressly admitted, all allegations in this paragraph are denied.

3.      SaveAround admits that Plaintiff has brought this action asserting violation of the TCPA and North Carolina law.  Except as expressly admitted, all allegations in this paragraph are denied.

## PARTIES

4.      SaveAround lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

5.      SaveAround admits that Enjoy the City North, Inc., does business under the name SaveAround, and that it is a corporation incorporated under the laws of New York, with its principal place of business in New York, which sells and advertises coupon books.  Except as expressly admitted, all allegations in this paragraph are denied.

## JURISDICTION AND VENUE

6.      Admitted.

2

7.      SaveAround admits that this Court has specific personal jurisdiction over SaveAround.  Except as expressly admitted, all allegations in this paragraph are denied.

8.      SaveAround admits that venue is proper but denies that the alleged illegal telemarking conduct occurred.  Except as expressly admitted, all allegations in this paragraph are denied.

## BACKGROUND[2]

9.      SaveAround admits that the TCPA restricts certain telemarketing calls not made with the recipient's prior express invitation or permission.  Except as expressly admitted, all allegations in this paragraph are denied.

10.     Admitted.

11.     Admitted.

12.     SaveAround admits that the TCPA and implementing regulations restrict telephone solicitations (which do not include calls made with the recipient's prior express invitation or permission) and that the TCPA provides a private right of action for violations.  Except as expressly admitted, all allegations in this paragraph are denied.

---

[2] To the extent that the subheadings in this section contain allegations, SaveAround denies those allegations.

13.     SaveAround admits that the North Carolina General Assembly passed the North Carolina Telephone Solicitations Act in 2003 and codified it at N.C. Gen. Stat. § 75-100.  SaveAround lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

14.     SaveAround admits that this paragraph accurately recites the statutory remedies for violation of the NCTSA, and denies that any such remedies are warranted here.  Except as expressly admitted, all allegations in this paragraph are denied.

15.     SaveAround admits that N.C. Gen. Stat. § 75-102(a) states that, "[e]xcept as provided in G.S. 75-103, no telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the 'Do Not Call' Registry."  SaveAround further admits that "telephone solicitation" is defined in N.C. Gen. Stat. § 75-101(9) as "[a] voice or text communication, whether prerecorded, live, or a facsimile, over a telephone line or wireless telephone network or via a commercial mobile radio service that is made by a telephone solicitor to a telephone subscriber for the purpose of soliciting or encouraging the purchase or rental of, or investment in, property, goods, or services; obtaining or providing information that will or may be used for that purpose; soliciting or

4

encouraging a telephone subscriber's participation in any contest, sweepstakes, raffle, or lottery, whether legal or illegal; or obtaining a charitable donation. 'Telephone solicitation' also includes those transactions that are defined as 'telemarketing' under the Telemarketing Sales Rule." Except as expressly admitted, all allegations in this paragraph are denied.

## FACTUAL ALLEGATIONS

16.    SaveAround admits, on information and belief, that Plaintiff is an individual and thus is a "person" as defined in 47 U.S.C. § 153(39). Except as expressly admitted, all allegations in this paragraph are denied.

17.    Denied.

18.    SaveAround lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19.    SaveAround lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20.    SaveAround lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

21.    SaveAround lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

22.    SaveAround lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

5

23.     SaveAround lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

24.     Denied.

25.     SaveAround admits that it sent text messages to Plaintiff starting on October 15, 2024, when Plaintiff requested and signed up to receive such messages, and that it ceased sending such messages upon receiving a demand from Plaintiff's counsel.  Except as expressly admitted, all allegations in this paragraph are denied.

26.     Admitted.

27.     SaveAround admits that *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016), states:  "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)."  Except as expressly admitted, all allegations in this paragraph are denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

6

33.    SaveAround hereby incorporates its previous responses as if fully set forth herein.

34.    SaveAround admits that Plaintiff purports to bring a class action and denies that Plaintiff meets the certification standards.  Except as expressly admitted, all allegations in this paragraph are denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

41.    SaveAround hereby incorporates its previous responses as if fully set forth herein.

42.    SaveAround admits that it may be a violation of the TCPA to initiate a telephone solicitation (which does not include a call made with the recipient's prior express invitation or permission) to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry,

7

subject to exceptions provided by law. Except as expressly admitted, all allegations in this paragraph are denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT II
### Violations of the NCTSA, of N.C. GEN STAT. § 75-101
### (On Behalf of Plaintiff and the NCTSA Class)

47. SaveAround hereby incorporates its previous responses as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

## [PLAINTIFF'S] PRAYER FOR RELIEF

SaveAround denies that Plaintiff is entitled to any of the requested relief, and denies all allegations in the prayer for relief.

## SAVEAROUND'S ADDITIONAL AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE—PRIOR EXPRESS WRITTEN CONSENT

Plaintiff gave prior express written consent to receive automated marketing text messages from SaveAround. On October 15, 2024, Plaintiff entered his phone

8

number on SaveAround's website, by which he expressly agreed to "receive recurring automated marketing text messages," and subsequently verified his consent by entering a confirmation code.

SECOND DEFENSE—EXPRESS INVITATION OR PERMISSION (TCPA)

Plaintiff cannot show that SaveAround made a telephone solicitation to him within the meaning of 47 U.S.C. § 227(a)(4) because he gave his express invitation or permission to receive automated marketing text messages from SaveAround. On October 15, 2024, Plaintiff entered his phone number on SaveAround's website, by which he expressly agreed to "receive recurring automated marketing text messages," and subsequently verified his agreement by entering a confirmation code.

THIRD DEFENSE—EXPRESS INVITATION OR PERMISSION (NCTSA)

Plaintiff cannot show any violation of N.C. Gen. Stat. § 75-102(a) because that subsection to does apply to telephone solicitation made to any telephone subscriber with the telephone subscriber's prior express invitation or permission, N.C. Gen. Stat. § 75-103(a)(1), and Plaintiff gave prior express invitation or permission to receive automated marketing text messages from SaveAround. On October 15, 2024, Plaintiff entered his phone number on SaveAround's website, by which he expressly agreed to "receive recurring automated marketing text

9

messages," and subsequently verified his agreement by entering a confirmation code.

FOURTH DEFENSE—AGREEMENT TO ARBITRATE INDIVIDUALLY

Plaintiff and other members of the putative classes agreed to submit all claims against SaveAround to binding arbitration on an individual basis and waived all rights to participate in a class action.  Specifically, by signing up to receive automated text messages, each recipient agreed to SaveAround's terms and conditions, which contain an agreement to arbitrate claims on an individual basis and a waiver of the right to participate in a class action.

**RESERVATION AND NON-WAIVER**

SaveAround expressly reserves the right to assert or plead additional defenses which may be adduced through further investigation, discovery, or at trial.

**SAVEAROUND'S PRAYER FOR RELIEF**

WHEREFORE, SaveAround prays for the following relief:

A.      That Plaintiff's claims against SaveAround be dismissed with prejudice, and that the Court deny any prayer for relief sought by Plaintiff;

B.      That judgment be rendered in favor of SaveAround;

C.      That SaveAround be awarded its costs in this action;

D.    That SaveAround be awarded reasonable attorneys' fees in this action,

pursuant to N.C. Gen. Stat. § 75-105(d);

E.    For such other and further relief as the Court deems just and proper.

This the 22nd day of September, 2025.

ELLIS & WINTERS LLP

/s/ Kelly Margolis Dagger
Kelly Margolis Dagger
N.C. State Bar No. 44329
Chelsea Pieroni
N.C. State Bar No. 59816
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
kelly.dagger@elliswinters.com
chelsea.pieroni@elliswinters.com

*Counsel for Defendant Enjoy the City*
*North, Inc. d/b/a SaveAround*

11