THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:25-CV-973-D-BM

| | | |
|---|---|---|
| JASON HEWETT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br>        Plaintiff<br><br>v.<br><br>ENJOY THE CITY NORTH, INC<br><br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **REPORT OF THE PARTIES' PLANNING MEETING**<br>Fed. R. Civ. P. 26(f) |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on October 9, 2025 by Zoom Videoconference:

   Andrew Roman Perrong, representing the Plaintiff.

   Kelly Margolis Dagger and Chelsea Pieroni, representing the Defendant.

2. Initial Disclosures. The parties will complete by October 30, 2025, the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

   (a) Discovery will be needed on these subjects:

       i. The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendant may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case

(including any putative consent); (2) email and other communications related to telemarketing calls; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) complaints and internal Do Not Call requests received by Defendant and its vendors and agents and its responses thereto.

    ii. Defendant contends that no violation of state or federal law occurred because Plaintiff signed up for, and requested to receive, text messages from Defendant, thus expressly inviting or permitting such messages. Defendant anticipates that discovery will be needed on Plaintiff's voluntary signup for, and request to receive, text messages from Defendant, including ESI in the possession of Plaintiff and third parties reflecting those events, and Plaintiff's filing of this lawsuit despite knowing that he invited Defendant to send him text messages. Defendant does not believe that class-wide discovery is necessary, and Defendant intends to file a motion to stay all discovery, other than discovery relevant to Plaintiff's individual claims, as set forth below.

(b) Both parties agree that discovery relevant to Plaintiff's individual claims may commence immediately. The parties disagree as to whether to phase discovery:

    i. Plaintiff desires approximately 9 months for unphased discovery, including class-wide discovery and discovery relevant to Plaintiff's individual claims.

    ii. Defendant contends that discovery should proceed in two phases (individual and class), reaching the second phase only if necessary.

Therefore, Defendant opposes the immediate commencement of class-wide discovery and intends to move to stay all discovery, other than discovery relevant to Plaintiff's individual claims, until after the Court rules on a Defendant's anticipated motion for summary judgment on Plaintiff's individual claims. Defendant requests approximately six months, through and including April 30, 2026, for the parties to complete discovery on Plaintiff's individual claims. Defendant would file a dispositive motion no later than 30 days after the close of individual discovery. If the dispositive motion is granted, no class-wide discovery will be necessary. If the dispositive motion is denied, Defendant proposes that the Court order the parties to confer on a schedule for class-wide discovery and submit a proposed amended scheduling order at the appropriate time.

(c) Each party may serve up to 25 interrogatories on the other party, with answers due within 30 days unless otherwise stipulated or ordered by the Court.

(d) Each party may serve up to 50 requests for admission on the other party, with responses due within 30 days unless otherwise stipulated or ordered by the Court.

(e) Each party may take up to 10 depositions.

(f) Pursuant to Fed. R. Civ. P. 30(d)(1), unless otherwise stipulated or ordered by the Court, a deposition is limited to one day of 7 hours.

(g) Plaintiff must disclose any experts in accordance with Fed. R. Civ. P. 26(a)(2) no later than 90 days before the close of discovery. Defendant must disclose any experts, including any expert who will rebut the opinion of any of Plaintiff's

experts, within 30 days of receiving Plaintiff's expert disclosures. Plaintiff must disclose any expert who will rebut the opinion of any of Defendant's experts within 30 days of receiving Defendant's expert disclosures. The parties shall complete expert depositions by the close of all discovery.

(h) The parties' Rule 26(e) supplementations shall be due 30 days before the close of discovery.

(i) The parties have discussed the preservation and production of ESI and will work cooperatively to address any issues should the need arise.

(j) The parties anticipate submitting a consent motion for entry of a protective order allowing the designation of confidential materials produced in discovery. The parties wish to obtain by consent a court order memorializing the parties' agreement regarding 1) inadvertent disclosures, pursuant to Fed. R. Evid. 502(d), and 2) privilege log protocols. The parties propose the following language for the Court's consideration:

    i. The parties agree, and this Court orders, that mere inadvertent disclosure of information protected by the attorney-client, work-product privilege, or any other privilege, or trial preparation material shall not constitute a waiver of a valid claim of privilege or protection. The parties further agree, and this Court orders, that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is

without waiver of the right to contest the claim of privilege or protection. The parties agree that the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard in Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

ii. The parties agree to the use of privilege logs identifying (1) the document custodian; (2) the parties to the communication, if applicable; (3) the date on which the document was created, modified, or communication made, if applicable; (4) a description of the type of document (i.e., email, hard copy, Word document, etc.); (5) the privilege or protection claimed (i.e., attorney-client privilege or work product); and (6) a brief description of the basis for such claim (i.e., "attorney-client communication," "memorializes legal advice given or received," "contains mental impressions of counsel in anticipation of litigation," etc.). The parties shall not include on privilege logs any documents created by or at the direction of counsel after the commencement of this litigation, or any communications with litigation counsel or their agents. Privilege logs shall be served no later than 14 days after production of documents from

which privileged or protected documents were withheld.

4. Other Items:

    (a) The parties do not ask to meet with the Court before a scheduling order is entered.

    (b) The parties respectfully request that dates for pretrial conferences be set after any dispositive motions are adjudicated.

    (c) Deadlines to amend pleadings will depend on whether the Court adopts the Defendant's proposal to conduct discovery in two stages. If the proposal is adopted, the parties agree that the deadline for Plaintiff to amend pleadings or join parties shall be within 90 days of commencement of the second phase of discovery. If the Court rejects Defendant's proposal to conduct discovery in two stages, the parties agree that the deadline for Plaintiff to amend pleadings or join parties shall be February 9, 2026.

    (d) The parties agree that the deadline for Defendant's to amend pleadings or join parties shall be 30 days after the deadline for Plaintiff's to amend pleadings or join parties, as set forth above.

    (e) Deadlines to file dispositive motions will be 45 days after the close of discovery (or each discovery period).

    (f) The parties have discussed the potential for settlement and agree that settlement is unlikely at this time, but will continue to communicate about an appropriate resolution as the case develops.

    (g) The parties do not believe that this case falls under Local ADR Rule 101.1a(b), governing the automatic selection of certain civil cases for mediation.

6

Case 7:25-cv-00973-D-BM    Document 19    Filed 10/15/25    Page 6 of 8

Nevertheless, the parties discussed mediation during the Rule 26(f) conference. Plaintiff is willing to discuss a class-wide settlement; however, Defendant believes that class certification is inappropriate and is only willing to consider discussing a settlement of Plaintiff's individual claims. Therefore, at this time, the parties do not believe that engaging in mediation prior to a ruling on Defendant's anticipated dispositive motion on Plaintiff's individual claims and a ruling on Plaintiff's anticipated motion for class certification will be fruitful. The parties ask that the Court order mediation only (i) if Defendant's discovery proposal is accepted, after a ruling on Defendant's dispositive motions, if any issues remain; or (ii) if Plaintiff's discovery proposal is accepted, after a ruling on class certification.

(h) The parties respectfully request that dates for Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists, be set after any dispositive motions are adjudicated.

(i) The parties respectfully request that dates for objections under Rule 26(a)(3) be set after any dispositive motions are adjudicated.

(j) The parties currently lack sufficient information to estimate the length of trial. The parties will have a better estimate of trial length after the resolution of any dispositive motions and Plaintiff's anticipated motion for class certification, and request that they be permitted to provide such estimate at that time. The parties respectfully request that the case be set for trial no sooner than 120 days after ruling on all dispositive motions.

(k) The parties further stipulate and agree to electronic service of all documents

required to be served on the parties under the Federal Rules of Civil Procedure and this Court's Local Civil Rules, including discovery requests and responses.

Date: October 15, 2025

/s/ Andrew Roman Perrong
Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
a@perronglaw.com
PA Bar. No. 333687
*LR 83.1(e) Special Appearance Counsel*

Date: October 15, 2025

/s/ Kelly Margolis Dagger
Kelly Margolis Dagger
N.C. State Bar No. 44329
Chelsea Pieroni
N.C. State Bar No. 59816
ELLIS & WINTERS LLP
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
kelly.dagger@elliswinters.com
chelsea.pieroni@elliswinters.com

*Counsel for Defendant Enjoy the City North, Inc. d/b/a SaveAround*