IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:25-CV-000973-D-BM

| | |
|---|---|
| JASON HEWETT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) DEFENDANT SAVEAROUND'S ) BRIEF IN SUPPORT OF ) MOTION TO STAY AND |
| v. | ) LIMIT DISCOVERY ) |
| ENJOY THE CITY NORTH, INC. d/b/a SAVEAROUND, | ) ) ) ) |
| Defendant. | ) |

## INTRODUCTION

Plaintiff Jason Hewett alleges that Defendant Enjoy the City North, Inc. d/b/a SaveAround ("SaveAround") violated state and federal law by sending him telemarketing text messages while his number was on the Do Not Call Registry. He seeks to represent a class of North Carolinians on a claim for violation of the North Carolina Telephone Solicitations Act ("NCTSA") and a nationwide class on a claim for violation of the Telephone Consumer Protection Act ("TCPA"). However, Mr. Hewett signed up for the messages at issue. Mr. Hewett's express invitation or permission is fatal to his individual state and federal claims.

SaveAround is collecting the evidence it will use to establish Mr. Hewett's express invitation or permission. SaveAround will then file a motion for summary judgment on Mr. Hewett's individual claims. If the Court concludes that Mr. Hewett cannot bring an individual claim, he cannot serve as a class representative.

SaveAround asks the Court to stay class discovery, and limit discovery to Mr. Hewett's individual claims, pending resolution of the motion for summary judgment. There is good cause to impose this limitation. Unfortunately for SaveAround, a pre-discovery Rule 12(b)(6) motion

to dismiss is unavailable because Mr. Hewett alleges in his complaint that SaveAround's text messages were unsolicited. They were not. The facts necessary to the motion for summary judgment are narrow and can be discovered with relatively limited effort. SaveAround should not be required to shoulder the greater burden and expense of responding to class discovery when it can readily prove that Mr. Hewett has no claim.

## STATEMENT OF RELEVANT FACTS

Mr. Hewett's request to receive SaveAround messages

SaveAround is a family-owned business that sells coupon books. Acquisto Decl. [D.E. 21-1] ¶ 2 (unredacted version filed at D.E. 22-1). Cell phone users can sign up to receive offers and discounts on SaveAround's coupon books through SMS text message by enrolling a cell phone number through a pop-up on the SaveAround website. Id. at ¶ 3; Carter Decl. [D.E. 21-2] ¶¶ 4-5 (unredacted version filed at D.E. 22-2). SaveAround sends text messages only upon the request of an individual who registers a cell phone number; SaveAround pays per message, so it has no incentive to send unwanted messages. Acquisto Decl. ¶ 5.

SaveAround partners with Stodge, Inc. d/b/a Postscript ("Postscript") for SMS marketing services. Id. at ¶ 3. Postscript hosts pop-ups on the SaveAround website enabling visitors to sign up for text messages. Carter Decl. ¶¶ 4-5. Postscript maintains records of which users have signed up to receive SaveAround text messages and what messages have been transmitted. Id. at ¶ 6. Postscript transmits SaveAround's messages only to users who sign up by (1) entering a cell phone number in a pop-up, and (2) subsequently verifying, from the mobile device to which the cell phone number is assigned, that the user wishes to sign up. Id. at ¶¶ 11-13. SaveAround only sends marketing messages through Postscript. Acquisto Decl. ¶ 4.

On October 15, 2024, a user visited https://savearound.com/ on a mobile device and signed up to receive SaveAround marketing text messages by entering a cell phone number in a pop-up. Carter Decl. ¶ 7. The pop-up offered a 10% discount for signing up for text messages and stated:

> By providing your phone number, you agree to receive recurring automated marketing text messages (e.g. cart reminders) from this shop and third parties acting on its behalf. Consent is not a condition to obtain goods or services. Msg & data rates may apply. Msg frequency varies. Reply HELP for help and STOP to cancel. You also agree to the <u>TERMS OF SERVICE</u> and <u>PRIVACY POLICY</u>.

<u>Id.</u> at ¶ 8.

The pop-up offered the user two choices: "Text Me The Discount Code" or "No thank you." <u>Id.</u> at ¶ 10. After entering a phone number with area code (910),[1] the user clicked "Text Me The Discount Code." <u>Id.</u> at ¶ 15; <u>see id.</u> at ¶¶ 11-14. Postscript's system transmitted the following message to the phone number: "SaveAround: Your verification code is: 3965. Enter this code in the pop-up, or reply 'Y' to this text to finish signing up." <u>Id.</u> at ¶ 16. The user of the mobile device to which the (910) number was assigned entered "3965" in the pop-up. <u>Id.</u> at ¶¶ 17-18; <u>see</u> [D.E. 21-3]. Postscript's system then sent two confirmatory text messages, including a reminder that the user should "[r]eply STOP to stop." Carter Decl. ¶ 19.

Between October 15, 2024, and April 17, 2025, Postscript's system transmitted SaveAround messages to the (910) number. <u>Id.</u> at ¶ 20. The user never texted "STOP." <u>Id.</u> at ¶ 21; <u>see</u> [D.E. 21-4] (unredacted version filed at D.E. 22-3).

On April 22, 2025, Mr. Hewett's counsel sent SaveAround a letter alleging TCPA violations based on the messages sent to the (910) number. Acquisto Decl. ¶ 6. SaveAround

---

[1] SaveAround avoids using the complete phone number in this brief, as it understands that Mr. Hewett may contend that the number should not be public. The complete number is shown in SaveAround's sealed exhibits. <u>See</u> [D.E. 22-1, -2, -3].

3

explained that Mr. Hewett had signed up to receive the messages on that number, but it opted Mr. Hewett out of receiving further messages. Id. at ¶¶ 7-8.

Mr. Hewett's lawsuit

On May 21, 2025, Mr. Hewett filed a complaint, individually and on behalf of two proposed classes, against SaveAround, alleging violations of the TCPA and the NCTSA. Compl. [D.E. 1] ¶¶ 16-50.

Mr. Hewett alleges that, from October 15, 2024, and onward, he received "at least twenty seven telemarketing text messages" from SaveAround to his personal phone number. Id. at ¶¶ 18-19, 25. These messages offered discounts on SaveAround's coupon books. Id. at ¶ 26. Mr. Hewett alleges that his number had been listed on the National Do No Call Registry ("Registry") for over a year prior to October 15, 2024, and that he was never a customer of SaveAround. Id. at ¶¶ 23-24. Mr. Hewett alleges that he never consented to or requested the messages. Id. at ¶¶ 17, 31. Mr. Hewett alleges that SaveAround violated the TCPA and NCTSA by sending text messages despite his number being on the Registry. Id. at ¶¶ 43-45, 49.

Mr. Hewett purports to bring his action on behalf of (1) a nationwide class of persons whose numbers were on the Registry but still received more than one telemarketing call or text message from or on behalf of SaveAround within a 12-month period; and (2) a class of North Carolinians whose numbers were on the Registry but still received a telemarketing call or text message from or on behalf of SaveAround. Id. at ¶ 34. He seeks certification of both classes, state and federal statutory damages, and injunctive relief. Id. at 11.

SaveAround answered, denied liability, and asserted defenses, including that SaveAround's text messages were sent with Mr. Hewett's express invitation or permission, and thus did not violate state or federal law. Answer [D.E. 16] 9-10.

4

As reflected in the Rule 26(f) report, SaveAround's counsel disclosed the facts establishing Mr. Hewett's express invitation or permission and that SaveAround would move for summary judgment based on those facts. See [D.E. 19] ¶ 3(a)ii. SaveAround proposed limiting discovery to Mr. Hewett's individual claims until the Court rules on that motion for summary judgment; Mr. Hewett, however, prefers to move forward with all discovery, including class discovery. Id. at ¶ 3(b)i-ii.

Mr. Hewett served his first set of discovery requests to SaveAround on October 13, 2025. [D.E. 21-5]. While some requests seek information that may be relevant to Mr. Hewett's individual claims, others appear to seek class discovery. E.g., id. at 11-12 (Request 16).

On October 20, 2025, this Court entered a scheduling order setting discovery and other case management deadlines. [D.E. 20].

SaveAround asks this Court to limit discovery to Mr. Hewett's individual claims and stay class discovery until the Court rules on SaveAround's forthcoming motion for summary judgment.

## LEGAL STANDARD

"Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery, and whether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket." Silva v. Connected Invs., Inc., No. 21-CV-74-BO, 2021 WL 4222592, at *1 (E.D.N.C. Sept. 16, 2021) (Jones, Mag. J.) (quotation omitted); accord Yongo v. Nationwide Affinity Ins. Co., No. 07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (Gates, Mag. J.) ("A court may properly exercise its discretion under Rule 26(c) to stay discovery pending resolution of dispositive motions."). An order staying or limiting discovery must be supported by good cause, Fed. R.

5

Civ. P. 26(c)(1), and the movant bears the burden of making that showing, Infernal Tech., LLC v. Epic Games, Inc., 339 F.R.D. 226, 229 (E.D.N.C. 2021) (Numbers, Mag. J.).

## ARGUMENT

**THERE IS GOOD CAUSE TO STAY CLASS DISCOVERY AND LIMIT DISCOVERY TO MR. HEWETT'S INDIVIDUAL CLAIMS.**

"In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources." Silva, 2021 WL 4222592, at *1. "The court in exercising its judgment must weigh the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims." Id. "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion. Conversely, discovery ordinarily should not be stayed when it is necessary to gather facts in defense of the motion." Yongo, 2008 WL 516744, at *2 (citations omitted). Taken together, these factors warrant staying class discovery and limiting discovery to Mr. Hewett's claim until the Court rules on SaveAround's forthcoming motion for summary judgment.

### A. If Successful, the Motion for Summary Judgment Will Resolve the Entire Case.

The first factor identified in Yongo weighs in favor of a stay. Mr. Hewett's express invitation or permission defeats both his claims, so the motion for summary judgment has the potential to be dispositive of the entire case. See id.

The TCPA's implementing regulations prohibit initiating "any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is

6

maintained by the Federal Government. . . ." 47 C.F.R. § 64.1200(c)(2). By statute, "[t]he term 'telephone solicitation' . . . does not include a call or message . . . to any person with that person's prior express invitation or permission[.]" 47 U.S.C. § 227(a)(4)(A); see 47 C.F.R. § 64.1200(f)(15)(i) (also defining "telephone solicitation" to exclude a call or message to any person "with that person's prior express invitation or permission"). Prior express invitation or permission "must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed[.]" 47 C.F.R. § 64.1200(c)(2)(ii).

North Carolina law is similar. It generally prohibits making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the 'Do Not Call' Registry," N.C. Gen. Stat. § 75-102(a), but this prohibition does not apply to a solicitation made "[t]o any telephone subscriber with the telephone subscriber's prior express invitation or permission," id. § 75-103(a)(1). This invitation or permission must be "registered by the telephone subscriber on an independent form" containing "the telephone number to which calls can be placed and the signature of the telephone subscriber." Id. § 75-101(6). "The form may be completed and signed electronically." Id.

Regardless of what Mr. Hewett can prove—that his number was on the Registry, that he received the messages described in the complaint, or that he found the messages annoying—his TCPA and NCTSA claims will fail if SaveAround's texts came at Mr. Hewett's prior express invitation or permission. See 47 C.F.R. § 64.1200(c)(2)(ii); N.C. Gen. Stat. § 75-103(a)(1). SaveAround construed Mr. Hewett's counsel's letter as a revocation of that permission, and Mr. Hewett has not received a SaveAround text message since, Acquisto Decl. ¶¶ 7-8; Carter Decl. ¶ 20; see [D.E. 21-4], so there will be no issue related to the effectiveness of revocation.

7

A stay is appropriate where, as here, a successful motion for summary judgment on Mr. Hewett's claims will "obviat[e] the need for class discovery." See Order Granting Def.'s Mot. to Stay Class Discovery, Beard v. John Hiester Chevrolet, LLC, No. 21-cv-173-D (E.D.N.C. June 14, 2022) [D.E. 21-6].

### B. There Is Strong Support for SaveAround's Motion for Summary Judgment.

The second factor also favors staying class discovery because there is strong support for SaveAround's motion for summary judgment on its merits. See Yongo, 2008 WL 516744, at *2.

SaveAround has already marshaled evidence of Mr. Hewett's prior express invitation or permission. See [D.E. 21-1, -2, -3, -4]. Records of Postscript's regularly conducted activity reflect that a user in possession of Mr. Hewett's mobile phone signed up for text messages. See Carter Decl. ¶¶ 7-18. Mr. Hewett cannot overcome this evidence by making a self-serving denial of the readily provable facts. Prudential Ins. Co. v. Shenzhen Stone Network Info. Ltd., 58 F.4th 785, 802 (4th Cir. 2023) (recognizing that "nonmovant cannot create a genuine dispute of material fact by relying on conclusory allegations or bare denials" (quotation omitted)).

This Court's decision in Beard v. John Hiester Chevrolet, LLC, 640 F. Supp. 3d 420 (E.D.N.C. 2022), is instructive.[2] In Beard, the plaintiff brought a TCPA claim against the

---

[2] Although prior "express invitation or permission" and "prior express consent" are different statutory requirements, most courts consider the two requirements functionally the same. See, e.g., Physicians Healthsource, Inc. v. Cephalon, Inc., 954 F.3d 615, 621 (3d Cir. 2020) ("The plain language of the TCPA shows that 'express consent' and 'express invitation or permission' are interchangeable and applicable to both phone calls and faxes."); Jacksen v. Chapman Scottsdale Autoplex, LLC, No. CV-21-00087-PHX-DGC, 2023 WL 142533, at *2 (D. Ariz. Jan. 10, 2023) ("The Court can see no meaningful difference between 'prior express consent' and 'prior express . . . permission.'"); see also Danehy v. Time Warner Cable Enters., No. 14-CV-133-FL, 2015 WL 5534094, at *8 (E.D.N.C. Aug. 6, 2015) (recommending that summary judgment be granted for defendant based on prior express invitation or permission, citing reasoning supporting recommendation on prior express written consent), report and recommendation adopted, 2015 WL 5534285, at *3 (E.D.N.C. Sept. 18, 2015).

8

defendant auto dealership alleging that it made prerecorded marketing calls without her consent in violation of the TCPA. Id. at 423-24. The plaintiff had provided her phone number to the defendant's website provider, WeBuy, while clicking through a series of online forms on WeBuy's website. Id. at 423. The forms included a hyperlinked agreement stating that the plaintiff's personal information could be used for marketing purposes. Id. Although the plaintiff said she did not recall clicking "I agree," the defendant presented evidence that the plaintiff could not have gotten through to the next page without clicking "I agree." Id. at 423, 429. This Court entered summary judgment in favor of the defendant, concluding that the defendant's evidence demonstrated that the plaintiff consented to receive the messages. Id. at 429-30. This Court concluded that the plaintiff's unsupported speculation that she had not consented could not defeat summary judgment. See id. at 429.

Likewise, here, Mr. Hewett's activities left a digital trail. Even if an impostor had entered Mr. Hewett's number in the pop-up on the SaveAround website, the user had to possess Mr. Hewett's cell phone to obtain the code to complete the sign-up process. See Carter Decl. ¶¶ 11-17. Thus, SaveAround will demonstrate that Mr. Hewett signed up for SaveAround's messages. Mr. Hewett's denial will not create a genuine dispute of material fact, so SaveAround is likely to prevail on its summary judgment motion. See Prudential Ins. Co., 58 F.4th at 802.

### C. Class Discovery Is Irrelevant to the Motion for Summary Judgment.

The third factor favors granting a stay because the discovery at issue—class discovery— is irrelevant to SaveAround's summary judgment argument. See Yongo, 2008 WL 516744, at *2. SaveAround's argument is limited to Mr. Hewett's individual actions in signing up for text messages. See supra pp. 8-9.

### D. The Relief SaveAround Requests Will Not Prevent Mr. Hewett from Gathering Facts in Defense of the Motion.

SaveAround recognizes that "discovery ordinarily should not be stayed when it is necessary to gather facts in defense of the motion," Yongo, 2008 WL 516744, at *2, and SaveAround is not attempting to prevent Mr. Hewett from engaging in such fact-gathering. SaveAround seeks a stay of class discovery and asks the Court to limit discovery taken during the scheduled discovery period to matters relevant to Mr. Hewett's individual claims. To the extent Mr. Hewett contends that any facts are needed to respond to SaveAround's motion, those facts will be available under the limitation SaveAround proposes.

### CONCLUSION

For good cause shown above, Defendant SaveAround respectfully requests that this Court grant its motion to stay class discovery and order that discovery be limited to Mr. Hewett's individual claims pending resolution of SaveAround's motion for summary judgment.

This the 28th day of October, 2025.

ELLIS & WINTERS LLP

/s/ Kelly Margolis Dagger
Kelly Margolis Dagger
N.C. State Bar No. 44329
Chelsea Pieroni
N.C. State Bar No. 59816
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
kelly.dagger@elliswinters.com
chelsea.pieroni@elliswinters.com

*Counsel for Defendant Enjoy the City North, Inc. d/b/a SaveAround*
