IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:25-CV-000973-D-BM

| | |
|---|---|
| JASON HEWETT, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ENJOY THE CITY NORTH, INC. ) d/b/a SAVEAROUND, ) ) Defendant. ) | [PROPOSED] STIPULATED PROTECTIVE ORDER |

This matter comes before the Court on the joint motion of the parties for entry of a Stipulated Protective Order governing discovery in this case. Plaintiff Jason Hewett alleges claims for relief under the Telephone Consumer Protection Act and the North Carolina Telephone Solicitations Act. Compl. [D.E. 1] ¶¶ 44-50. Mr. Hewett's claims involve communications over his cell phone as well as SaveAround's alleged business practices. The parties represent that discovery in this case will involve the disclosure of sensitive and confidential business information, including nonpublic information about SaveAround and its business relationships. The parties also represent that discovery in this case will involve the disclosure of Mr. Hewett's personal communications, personal electronic device(s), records of electronic activities, cell phone carrier account records, and other information not available to the public. Based on the nature of the case and the representations of the parties, the Court finds that discovery in this case is likely to involve the production of sensitive and confidential business information not ordinarily disclosed to the public and private information of Mr. Hewett. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause shown, the Court finds that entry of a Stipulated Protective Order is warranted.

The Court hereby ORDERS as follows:

1. <u>Scope of Protection</u>

This Protective Order shall govern all material produced or disclosed in this action, whether by a party or by any other person, including the following: documents (which shall have the broadest possible meaning and include information memorialized in any way, including in paper or electronic format), data and information, answers to interrogatories, responses to document requests, deposition transcripts, answers to deposition questions, responses to requests for admission, affidavits, responses to subpoenas duces tecum, and such other materials and information as may be provided by the parties or any other person during the course of discovery in this action, including pages of documents or divisible parts of other materials.

2. <u>Designation of Confidential Information</u>

   a. Any party or non-party from whom discovery or testimony is sought who provides or produces testimony, information, and/or documents (a "Producing Party") may designate the testimony, information, and/or documents being provided or produced as Confidential Information in accordance with the terms of this Protective Order.

   b. "Confidential Information" means information that is personally sensitive, nonpublic, confidential, or proprietary and that is not generally available. This information includes, but is not limited to: information protected from disclosure by statute or regulation; sensitive commercial information, including but not limited to information about the disclosing party's internal operating policies and procedures, which could benefit the disclosing party's competitors and/or clients to the detriment of the disclosing party if such information is disclosed publicly, and nonpublic financial and customer information; and information about any individual, whether or not a party to this action, that is invasive of the individual's legitimate

2

Case 7:25-cv-00973-D-BM   Document 27-1   Filed 11/24/25   Page 2 of 14

privacy interests, namely, information that relates to the individual's terms of employment or to medical, psychiatric, financial and/or tax records.

    c. Documents may be designated by a Producing Party as Confidential Information by being stamped with the word "CONFIDENTIAL" or any other method calculated to clearly indicate that the documents are Confidential Information.

    d. A Producing Party may designate testimony given in deposition as Confidential Information by (a) declaring the same on the record before the close of the deposition, or (b) designating specific lines and pages as Confidential Information and serving such designations in writing within thirty one (31) days of receipt of the deposition transcript. The entirety of all deposition transcripts shall be treated as Confidential Information for the fourteen-day period following receipt of the transcript. After the fourteen-day period, only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Protective Order. Transcript pages containing designated testimony must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," as instructed by the Producing Party making the designation. In the event that any question is asked at a deposition with respect to which it is asserted, on the record, that the answer requires the disclosure of Confidential Information, the question shall nonetheless be answered by the witness fully and completely. Before the witness answers, however, all persons present who are not otherwise bound by this Protective Order shall be required to sign or otherwise indicate on the record their agreement to the Protective Order by signing an Acknowledgement in the form attached hereto as Exhibit A. If any such person, other than the witness, declines to do so, that person shall leave the room during the time in which Confidential Information is disclosed or discussed. When any

document or other material designated as Confidential Information is introduced as an exhibit, counsel introducing such exhibit shall advise the court reporter that the exhibit is Confidential Information pursuant to this Protective Order. Before the exhibit designated as Confidential Information is discussed, however, all persons present who are not otherwise bound by this Protective Order shall be required to sign or otherwise indicate on the record their agreement to the Acknowledgement, Exhibit A. If any such person, other than the witness, declines to do so, that person shall leave the room during the time in which the exhibit that is designated Confidential Information is discussed. No deposition exhibit designated as Confidential Information shall be provided to any person who is not a Party or is not entitled to review such Confidential Information under this Protective Order. The fact that a Party has not objected to designation of all or any portion of the deposition transcript as Confidential Information during the deposition itself does not waive such Party's right to seek release of that transcript from the terms and provisions of this Protective Order.

    e. Documents that are designated as Confidential Information at the time of production and used as deposition exhibits will continue to be protected without further designation, and the continued protection of such exhibits will not be dependent upon the transcript or video recording, or any portion thereof, being designated as Confidential Information. Documents not designated as Confidential Information when produced shall not become Confidential Information because they are exhibits to a deposition that is designated as Confidential Information.

    f. Over-designation shall be prohibited. Any Party or Non-Party who designates information or items for protection under this Order shall use reasonable efforts to only designate the specific material that qualifies under the appropriate standards. To the extent

4

practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. When only part of a document contains Confidential Information, the Producing Party may designate the document as Confidential Information and is not required to prepare an undesignated redacted version. Designation under this Order is allowed only if the designation is necessary to protect material for the purposes described herein. If a Producing Party learns that information or items that it designated for protection do not qualify for protection at all, that Producing Party must promptly notify all Parties that it is withdrawing the mistaken designation and, if applicable, re-produce the item with the appropriate designation, if any; provided, however, that this paragraph does not impose an ongoing obligation on a Producing Party to continually revisit its designations. The Receiving Party is encouraged to notify the Producing Party and request de-designation if the Receiving Party believes over-designation has occurred.

    3.    <u>Qualified Persons</u>

    a.    This Protective Order prohibits the disclosure of Confidential Information and also prohibits the discussion of such Confidential Information with any person to whom disclosure is not specifically authorized by this Protective Order.

    b.    Confidential Information, including any copies or notes made therefrom, may be disclosed only to Qualified Persons. "Qualified Persons" means:

    i.    counsel of record;

    ii.    the attorneys, paralegals, and clerical staff employed by counsel of record;

    iii.    the parties, including their employees or representatives;

    iv.  any third parties or vendors, including third parties subject to subpoena in connection with this action (to the extent that such entities Exhibit A); and

    v.  any expert witnesses retained by any party in connection with this action (to the extent that such experts sign Exhibit A); and

    vi.  the Court and all Court personnel, including court reporters, in the conduct of their official duties.

  c.  No disclosure of such Confidential Information shall be made to any Qualified Person described above until such person has been informed by the attorney intending to disclose the "Confidential Information" of the provisions of this Protective Order.

  4.  <u>Disclosure of Confidential Information</u>

  a.  The recipient of any Confidential Information disclosed pursuant to this Protective Order shall maintain it in a secure area and shall exercise due and proper care to protect its confidentiality.

  b.  Notwithstanding any other provision of this Protective Order that may be construed to the contrary, any Producing Party may disclose its own Confidential Information to any person without complying with the provisions of this Protective Order; however, circumstances of such disclosure may be taken into account by the parties, their attorneys, and the Court in determining whether an item is confidential for purposes of this Protective Order. Further, during depositions of persons employed by a Producing Party that has supplied Confidential Information, counsel may disclose the Confidential Information produced by that Producing Party to the deponent and ask questions based on that Confidential Information without obtaining any executed, written assurance of compliance with this Protective Order.

c. In the event that any person who receives or is in possession of Confidential Information receives from anyone who is not bound by this Protective Order any subpoena or other compulsory request seeking the production or other disclosure of such Confidential Information, that person shall immediately notify in writing the Producing Party that designated the material as Confidential Information, specifying the material sought and enclosing a copy of the subpoena or other form of compulsory process in order to permit the Producing Party the opportunity to intervene and seek to prohibit the disclosure of the material. Where possible, at least fourteen (14) days' notice shall be given prior to the production or disclosure sought to be compelled. Unless otherwise ordered by a court or other tribunal with appropriate jurisdiction, in no event shall any person produce or disclose Confidential Information before notice is given to the Producing Party that designated such material as Confidential Information.

5. Use of Confidential Information

a. All testimony, information, and/or documents designated as Confidential Information shall be used solely in connection with pre-trial proceedings, preparation for trial, trial, or other proceedings in this action, including class proceedings, prosecution of class claims, and class certification, if any such proceedings occur, and not for any other purpose.

b. Before filing any information that has been designated Confidential Information with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel for the filing party shall confer with counsel for the Producing Party that produced the information so designated about how it should be filed. If the Producing Party that produced the information so designated desires that the materials be filed under seal, or if pre-filing consultation is not possible, then the filing party shall file the materials provisionally under

7

seal, and give notice of such filing, in accordance with Local Civil Rule 79.2 and Section V.G. of the Court's Electronic Case Filing Administrative Policies and Procedures Manual. Sealed filing shall not be binding on the Court, however. If the Producing Party desires that the information be maintained under seal, it shall file a motion to seal, supporting memorandum, and proposed order, within seven days of the notice, in accordance with Local Civil Rule 79.2 and Section V.G. of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such motion to seal or otherwise defend the Producing Party's desire that the materials remain sealed. The Court will grant the motion to seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a motion to seal, then the materials will be deemed unsealed, without need for order of the Court.

    c.  Pursuant to Section V.G.1 of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, each time a party seeks to file under seal confidential documents, things, and/or information in which the filing party claims a confidentiality interest, said party shall file a motion to seal and, unless excepted by Section V.G.1(a), a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is

8

necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access, and how such request to seal overcomes that presumption; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

6. <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another Producing Party's Confidential Information to a non-Qualified Person, the party making the inadvertent disclosure shall immediately (i) notify in writing the person who designated the information as Confidential Information of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the Confidential Information; and (iii) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Protective Order.

7. <u>Inadvertent Failure to Designate</u>

In the event that a Producing Party inadvertently fails to designate any of its Confidential Information pursuant to paragraph 2, the Producing Party may designate information as Confidential Information subsequent to its initial disclosure by providing written notification to the other parties of its confidential nature and, under such circumstances, the information shall be treated as Confidential Information absent contrary instructions from the Court.

8. <u>Inadvertently Produced Privileged Documents</u>

The parties hereto also acknowledge that regardless of the Producing Party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. The procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) shall apply if such inadvertent production occurs. Pursuant to Fed. R. Evid. 502(d), the Court orders, and the parties agree, that attorney-client privilege and/or work product protection applicable to any document is not waived by inadvertent disclosure connected with the above-captioned litigation.

9. Challenge to Designation

   a. Any party may contest the designation of material produced or testimony given as Confidential Information.

   b. The parties shall attempt to informally resolve any disputes regarding designations or objections to the disclosure of Confidential Information. If such disputes or objections cannot be resolved informally, any party may move for the Court for appropriate relief to resolve the matter. Regardless of which party moves the Court, the Producing Party that made the designation or objection at issue shall bear the burden of demonstrating that the material is confidential and should continue to be protected from disclosure by this Protective Order. However, until such time as the Court, after hearing from both sides, specifically rules otherwise, the contested material shall be treated as Confidential Information, shall remain subject to the provisions of this Protective Order, and shall not be disclosed over any Producing Party's objection.

   c. By declining to challenge the designation of any material as Confidential Information, no Party waives any right it may have to challenge the use, admissibility, or authenticity of such material for any other reason. The designation of Confidential Information

pursuant to this Protective Order shall not be construed as an admission by a Producing Party that such information is relevant or material to any issue or is otherwise admissible as evidence.

    d.  This Protective Order shall not prejudice the rights of the Parties or any other person to request that any hearing, trial, or portions of any hearing or trial involving the use or presentation of Confidential Information be conducted <u>in camera</u>.

  10.  <u>Conclusion of Action</u>

    a.  Within sixty (60) days of the final termination of this action, all documents designated as Confidential Information, including each copy thereof and each document which incorporates, in whole or in part, any information designated as Confidential Information, shall be verified as having been destroyed or returned to the Producing Party who provided it.

    b.  Notwithstanding any other provision of this Protective Order that may be construed to the contrary, however, counsel shall be allowed to keep complete copies of all court filings and work product, even if such documents contain Confidential Information, with the understanding that such information shall remain confidential and forever remain subject to all terms of this Protective Order.

    c.  The restrictions contained herein with respect to the communications and disclosure to others of Confidential Information shall continue in full force and effect during the pendency of and following conclusion of this action and shall be duly binding upon each receiving party, its counsel, and employees.

    d.  The terms and conditions of this Protective Order shall remain in full force and effect, shall survive the final resolution of this action and shall be binding on all Parties and Signatories unless the Protective Order is terminated or modified in writing by the Court. Each person subject to this Protective Order shall continue to be subject to the jurisdiction of this

Court, for the purposes of this Protective Order, in perpetuity, and the Court will retain jurisdiction to enforce the terms of this Protective Order following termination of this action, the filing of a notice of appeal, or any other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

11. Notices

All notices required or permitted to be provided by this Protective Order shall be made by email.

12. Confidentiality of Party's Own Documents

Nothing in this Protective Order shall diminish any party's right to contend that the documents, information, or testimony produced herein without a designation as Confidential Information are nonetheless confidential or proprietary and subject to appropriate protection under applicable law. The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek any further or different protection from the Court for any document, information, or testimony.

13. <u>Modification of Protective Order</u>

This Protective Order is subject to modification or termination by the Court upon showing of good cause.

SO ORDERED, this _____ day of _____, 2025.

                                                      _____
                                                      JAMES C. DEVER III
                                                      United States District Judge

# EXHIBIT A

## ACKNOWLEDGEMENT

I, _____, hereby certify that (i) I understand that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the Eastern District of North Carolina (the "Court") in *Jason Hewett v. Enjoy the City North, Inc. d/b/a SaveAround.*, 7:25-CV-000973-D-BM, and (ii) I have read said Order. I further certify that I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand a violation of the Order may be punishable by contempt of Court.

Dated: _____

Signature: _____

Name: _____

Address: _____

_____

_____