# EXHIBIT 1



**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com                    Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com                    Fax (888) 329-0305


October 31, 2025


*VIA E-MAIL*

Kelly Margolis Dagger
Ellis & Winters LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612


Re:     Rule 408 Settlement Letter
*Hewett v. Enjoy the City North*, No. 7:25-CV-000973-D-BM, (E.D.N.C.)


Ms. Margolis Dagger:

We write as we begin to prepare our opposition to your motion to bifurcate discovery in the above-captioned action to provide an offer to resolve this matter. In preparation for this motions practice, we have obtained a forensic image of our client's cell phone. That forensic image establishes (1) that the Plaintiff has no web history on or around the time of the purported website visit to SaveAround's website (let alone at all), and (2) that PostScript's version of events is not reflected in our client's telephone history, including through having no record of the purported verification code ever being sent.

Start with the web history. A review of our client's *entire web history* reveals that there are *no records* of any web visit to SaveAround's website, at all, and *no records* of any indicia of a website visit, including no cookies stored on his device from the website. Moreover, our client's web history reflects that his device likely was off between the evening of October 11 and the morning of October 16, 2024, as reflected by the fact that the gap in time reflects the use of the same website, Paramount Plus:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ▌ | ☑ | 326... | | | | 10/16/2024 8:10:49 AM(UTC-5) | https://help.paramountplus.com | |
| ▌ | ☑ | 326... | | | | 10/16/2024 8:10:49 AM(UTC-5) | https://www.paramountplus.com/account/ | |
| ▌ | ☑ | 326... | | | | 10/11/2024 7:05:08 PM(UTC-5) | https://click.email.paramountplus.com/u/?qs=fb55013a055e985399... | |
| ▌ | ☑ | 326... | | | | 10/11/2024 7:05:08 PM(UTC-5) | https://click.email.paramountplus.com/u/?qs=fb55013a055e9853da... | |
| ▌ | ☑ | 326... | | | | 10/11/2024 7:05:08 PM(UTC-5) | https://click.email.paramountplus.com/u/?qs=fb55013a055e985395... | |

Second, and more importantly, our client has no record of receiving the claimed verification text message with the code, as claimed in your motion and PostScript's declaration. Mr. Hewett's text message history reveals 27 text messages (or $40,500 in statutory damages *alone* with respect to just Mr. Hewett's claim) from SaveAround, but with none with the alleged initial verification code that was sent:



In addition to a review of the above text message thread, we have searched Mr. Hewett's *entire device* for the keyword "3965," the two-step verification code he was allegedly sent. The results of that search revealed only 4 text messages containing that string, consisting of two telephone numbers, a link containing the number "3695", and a verification code from Amazon, and nothing else, including hidden or deleted items, reflecting that claimed number, "3965," on the device:



Given the foregoing factual issues, it is unlikely that you will be successful in bifurcating discovery. Even if discovery were bifurcated, these genuinely disputed factual issues, which are just as easily explained by some failure of PostScript's system and someone else mistyping the Plaintiff's number, would likely preclude summary judgment on any bifurcated claims and entitle him to a jury trial. And a

2

failure of a vendor's systems is a common question that would render class certification all the more appropriate. *E.g.*, *Wesley v. Snap Fin. LLC*, 339 F.R.D. 277, 298 (D. Utah 2021) (certifying class when system failures that resulted in wrong number calls constituted common questions that supported class certification); *Abdeljalil v. Gen. Elec. Cap. Corp.*, 306 F.R.D. 303, 309 (S.D. Cal. 2015) (certifying class where system logic gap caused calls to be made to numbers which were marked and should not have been called); *Munday v. Navy Fed. Credit Union*, No. SACV 15-1629-JLS (KESX), 2016 WL 7655807, at *4 (C.D. Cal. Sept. 15, 2016) (same). But even *if* a class could not be certified on such a uniform theory of whether or not PostScript's system failed in some manner (which it should, for the reasons above), the Plaintiff still has a substantial individual claim for statutory damages.

That being said, we are still cognizant of the factual disputes here and costs of briefing your bifurcation motion and the effect a decision on bifurcation would have for all parties' expenses in this matter. Therefore, in the interest of a resolution, we are tendering an offer of $75,000 to resolve Plaintiff's claims against your client. We will hold this offer open until next Friday, November 7. We look forward to continuing to work with you in good faith to attempt to resolve this matter.

Please let me know if you have any questions or would like to discuss this matter further.

Very Truly Yours,

Andrew R. Perrong, Esq

3