# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:25-CV-000973-D-BM

| | | |
|---|---|---|
| JASON HEWETT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENJOY THE CITY NORTH, INC. d/b/a SAVEAROUND,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **PLAINTIFF'S RESPONSES TO ENJOY THE CITY NORTH, INC. d/b/a SAVEAROUND'S FIRST SET OF DISCOVERY REQUESTS** |

***General Objection Regarding Scope:*** *Plaintiff objects to any request that seeks "all" documents, communications, or information to the extent such a request is overly broad, unduly burdensome, not limited in time or scope, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Plaintiff will interpret such requests as seeking reasonably available documents relevant to the claims or defenses in this matter, subject to a reasonable search.*

## INTERROGATORIES

1. Please identify all phones from October 1, 2024 until May 31, 2025 You contend received telemarketing text messages from SAVEAROUND, including the phone number assigned to each phone, how long You have had that phone number, the make and model of the phone, whether the phone was protected by a password, and the phone carrier.

**ANSWER:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case to the extent it requests "all phones" or detailed personal device information beyond what is relevant to whether Plaintiff received the text messages at issue, and further objects to the extent it seeks private or sensitive personal data. Subject to the foregoing, Plaintiff's relevant phone number is [redacted]1871, which received the unsolicited text messages from Defendant during the relevant period. Plaintiff has had that number continuously during that time. The phone associated with that number was a Schok Volt SV55, was password-protected, and was serviced through Assurance Wireless.

2. Please identify any Person who had access to a phone identified in Your answer to Interrogatory No. 1, including the dates of access and whether that Person had the password related to the phone.

**ANSWER:**

Plaintiff objects to this interrogatory as overly broad and seeking irrelevant information concerning access to personal devices unrelated to the claims in this action and further objects to the extent it seeks private personal information beyond what is proportional to the needs of the case. Subject to the foregoing, no one other than Plaintiff had access to the identified phone during the relevant period.

3. Please identify all Persons, including minor children and their ages, who lived with you from October 1, 2024 until May 31, 2025.

**ANSWER:**

Plaintiff objects that this interrogatory seeks private personal information not relevant to the subject matter of this lawsuit, including names and ages of any individuals residing with Plaintiff. Subject to the foregoing, Plaintiff lived alone during the relevant period.

4. Please identify all web browsers downloaded or used on any phone identified in Your answer to Interrogatory No. 1 between October 1, 2024 until May 31, 2025, including any browsers that have been deleted and the dates the browser was deleted.

**ANSWER:**

Plaintiff objects that this interrogatory is overbroad, unduly burdensome, and seeks information not relevant to any claim or defense, as browser usage or downloads have no bearing on whether Plaintiff received unsolicited telemarketing text messages. Plaintiff further objects to the extent the interrogatory seeks private information concerning personal device activity that is disproportionate to the needs of the case. Subject to the foregoing, Plaintiff does not recall deleting any web browsers from the identified phone during the relevant period.

5. Please identify all devices on which you accessed the Internet between October 1, 2024 until May 31, 2025, including the browser or app used and whether the device was password protected. If a browser on any identified device has been deleted, include the browser and the dates the browser was deleted.

**ANSWER:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant personal information concerning Plaintiff's general internet usage, which is unrelated to any claim or defense in this action. Plaintiff further objects to the extent the interrogatory seeks

intrusive details about personal device activity that are disproportionate to the needs of the case. Subject to the foregoing, Plaintiff accessed the internet only through the phone identified in response to Interrogatory No. 1 during the relevant period, and that device was password protected. Plaintiff does not recall deleting any browsers or apps from that device during the relevant period.

6. Please identify any Person who had access to a phone identified in Your answer to Interrogatory No. 5, including the dates of access and whether that Person had the password related to the device.

**ANSWER:**

Plaintiff objects to this interrogatory as duplicative of Interrogatory No. 2 and as seeking irrelevant information concerning access to personal devices unrelated to the claims in this action. Plaintiff further objects to the extent it seeks private information beyond what is proportional to the needs of the case. Subject to the foregoing, no one other than Plaintiff had access to the device during the relevant period.

7. For every phone identified in Your answer to Interrogatory No. 1, please identify any email accounts connected to your phone data storage and/or browser storage between October 1, 2024 until May 31, 2025, including but not limited to iCloud and Google.

**ANSWER:**

Plaintiff objects to this interrogatory as overbroad, unduly invasive of privacy, and seeking information not relevant to any claim or defense, including detailed information about email accounts connected to personal device storage. Plaintiff further objects to the extent the interrogatory seeks information disproportionate to the needs of the case. Subject to the foregoing,

email accounts associated with the device during the relevant period include [redacted]@yahoo.com and [redacted]@gmail.com.

8. Please identify all Persons with whom You have communicated related to this Action or allegations contained in the Complaint, other than Your counsel.

**ANSWER:**

Plaintiff objects that this interrogatory is overbroad, unduly burdensome, and seeks information not relevant to any claim or defense. Plaintiff further objects to the extent it seeks information protected by the attorney-client privilege or work-product doctrine. Plaintiff also objects to the extent the interrogatory seeks information already within Defendant's possession, custody, or control, including correspondence exchanged with Defendant. Subject to the foregoing, apart from pre-suit correspondence exchanged between Plaintiff's counsel and Defendant, Plaintiff has not communicated with any other person about this action or the allegations in the Complaint.

9. Please identify all Communications You have had with the Person(s) identified in response to Interrogatory No. 4, related to this Action or allegations contained in the Complaint.

**ANSWER:**

Plaintiff objects that this interrogatory is vague and ambiguous because Interrogatory No. 4 did not identify any persons. Plaintiff further objects that the interrogatory is overbroad and seeks information not relevant to any claim or defense. Plaintiff also objects to the extent it seeks information already within Defendant's possession, custody, or control, including any pre-suit correspondence sent by Plaintiff's counsel. Subject to the foregoing, apart from pre-suit

correspondence exchanged between Plaintiff's counsel and Defendant, Plaintiff has had no communications with any person about this action other than his counsel.

10. Please describe how You ever responded to any of SAVEAROUND's text messages or otherwise engaged with the content.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent it assumes facts not in evidence, including that Plaintiff "engaged" with the text messages at issue, and to the extent it seeks information already within Defendant's possession, custody, or control. Subject to the foregoing, Plaintiff did not respond to or otherwise engage with any of SAVEAROUND's text messages.

11. Please describe all efforts You have taken to preserve any text messages and web browser history created between October 1, 2024, and the present, including whether You deleted text messages regarding, referring to, or sent by or on behalf of SAVEAROUND, deleted all or part of your browser history on any device, deleted any browser application on any device, or replaced Your phone or other device since you received any messages from SAVEAROUND.

**ANSWER:**

Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and seeking irrelevant information regarding general browser history and personal device activity. Plaintiff further objects to the extent the interrogatory seeks information already within Defendant's possession, custody, or control, including records of text messages sent by or on behalf of Defendant. Subject to the foregoing, Plaintiff does not recall deleting any text messages, browser

history, or browser applications during the stated period and has not replaced the phone since receiving text messages from SAVEAROUND.

12. If You contend that You did not consent or give prior express invitation or permission to receive solicitation text messages, please state all facts in support of that contention.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent it seeks legal conclusions and improperly shifts the burden of proving consent under the TCPA onto Plaintiff. Plaintiff also objects to the extent it seeks information already within Defendant's possession, custody, or control. Subject to the foregoing, Plaintiff never provided his phone number to SAVEAROUND or to any person or entity acting on its behalf, never had any business relationship with SAVEAROUND, and never gave prior express consent, invitation, or permission to receive telemarketing text messages. The messages were sent without any request, inquiry, or affirmative action by Plaintiff indicating consent.

13. Please describe how you first became aware of the TCPA or the NCTSA.

**ANSWER:**

Plaintiff objects that this interrogatory is vague and ambiguous as to the term "aware," and further objects to the extent it seeks information not relevant to any claim or defense. Subject to the foregoing, Plaintiff first became aware of the Telephone Consumer Protection Act (TCPA) around June 2022 from information read online.

14. Please identify all lawsuits, complaints, or claims You have filed or threatened in the past 10 years relating to unwanted calls, text messages, or telemarketing communications.

**ANSWER:**

Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case, as it seeks detailed information about unrelated lawsuits that have no bearing on the claims or defenses in this matter. Plaintiff also objects because the interrogatory seeks information already within Defendant's possession, custody, or control to the extent Defendant has access to public court records. Subject to the foregoing, Plaintiff has filed several lawsuits alleging violations of the Telephone Consumer Protection Act (TCPA) within the last ten years. These dates reflect the commencement of the actions.

**TCPA Actions Filed by Plaintiff:**

1. *Hewett v. ABS Healthcare Services, LLC*, 0:2022cv62347 (S.D. Fla., filed 12/15/2022, closed 06/20/2023)
2. *Hewett v. Insurance Pipeline Inc.*, 0:2024cv61931 (S.D. Fla., filed 10/16/2024, closed 12/27/2024)
3. *Hewett v. Coverance Insurance Solutions, Inc.*, 7:2024cv00338 (E.D.N.C., filed 04/09/2024, closed 08/13/2024)
4. *HEWETT v. TRUECOVERAGE LLC*, 7:2024cv00339 (E.D.N.C., filed 04/09/2024, closed 01/02/2025)
5. *Hewett v. Innovative Tax Relief LLC*, 7:2025cv01185 (E.D.N.C., filed 06/17/2025, closed 11/06/2025)
6. ***Hewett v. Enjoy the City North, Inc.*, 7:2025cv00973 (E.D.N.C., filed 05/21/2025)**

15. Please identify all civil or criminal lawsuits You have been a party to in the last 10 years, not including minor traffic tickets. Please include the party names, court location, case number, and date.

**ANSWER:**

Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and seeking information not relevant to any claim or defense. Plaintiff further objects that the interrogatory seeks private personal information concerning Plaintiff's unrelated legal history, is harassing in nature, and is not proportional to the needs of the case. Plaintiff also objects to the extent it seeks information already within Defendant's possession, custody, or control through publicly accessible court records. Subject to the foregoing, Plaintiff refers Defendant to his response to Interrogatory No. 14.

**VERIFICATION**

I, Jason Hewett, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and upon information and belief.

Dated: November 17, 2025

______________________________

Jason Hewett, Plaintiff

## REQUESTS FOR PRODUCTION

1. Please produce all Documents identified in Your answers to and/or relied upon in answering the preceding interrogatories.

**RESPONSE:**

Plaintiff objects to this request as vague, overly broad, and duplicative of other discovery requests, and to the extent it seeks documents already within Defendant's possession, custody, or control. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control.

2. Please produce all Documents identified in and/or relied upon in Your initial disclosures.

**RESPONSE:**

Plaintiff objects to this request as duplicative of the disclosure obligations imposed by Rule 26(a)(1) and to the extent it seeks documents already within Defendant's possession, custody, or control. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control.

3. Please produce all non-privileged Documents, including Communications, regarding, referring to, and/or reflecting Your allegations that you received telemarketing text messages from SAVEAROUND without your consent, or without your prior express invitation or permission, or any of Your alleged damages.

**RESPONSE:**

Plaintiff objects that this request is overbroad, seeks irrelevant material, and invades

privacy to the extent it calls for personal communications unrelated to Defendant's conduct. Plaintiff also objects to the extent the request seeks documents already within Defendant's possession, custody, or control. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control.

4. Please produce the browser history between October 1, 2024 until May 31, 2025 for each browser identified in Your answer to Interrogatory No. 4.

**RESPONSE:**

Plaintiff objects that this request is overly broad, unduly burdensome, and not proportional to the needs of the case because browser history is irrelevant to whether Defendant sent unsolicited text messages, and further objects to the extent it seeks intrusive personal device information unrelated to any claim or defense.

5. Please produce the browser history between October 1, 2024 until May 31, 2025 for each browser identified in Your answer to Interrogatory No. 5.

**RESPONSE:**

Plaintiff objects on the same grounds stated in response to Request for Production No. 4, including that the request is overly broad, unduly burdensome, and seeks irrelevant and intrusive browser-history information not proportional to the needs of the case.

6. If You are unable to produce the browser history in response to Request for Production No. 4, please produce the phone(s) identified in Your answer to Interrogatory No. 1 for forensic examination.

**RESPONSE:**

Plaintiff objects to this request insofar as it seeks documents or device access other than the telephone, text messages, or allegations at issue in this case and includes information not relevant to any party's claim or defense, nor does it relate in any manner to whether Defendant sent unsolicited text messages; as a result, the request is not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks forensic examination of any device on which Plaintiff received text messages from SAVEAROUND during the several-month period identified in Interrogatory No. 1, rather than limiting itself to the unsolicited telemarketing text messages that form the basis of the Complaint. As such, production of forensic images of completely irrelevant information contained on those devices is unduly burdensome on Plaintiff. Moreover, the aforementioned forensic imaging will unquestionably implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes, and concerns unsolicited telemarketing text messages directed to Plaintiff's personal mobile phone. Plaintiff further objects in that such image would also contain confidential, copyrighted, trade secret, and other highly sensitive and personal information, including information which, if viewed or released, would constitute irreparable financial and other injury, including professional injury, to Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such devices in his possession, care, custody, or control, and insofar as this request seeks information and devices which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff further objects insofar as the request appears designed to allow Defendant to search for or

manufacture alleged consent evidence. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or seeks information protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want a complete copy of any electronic device the Plaintiff has so much as "used" in almost a two-year period. As such, production of the aforementioned devices is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. See Stewart; John B.; United Artists. There is simply no utility and a high level of intrusiveness in asking for the production of a Plaintiff's electronic devices in a TCPA matter, particularly where less intrusive but nevertheless probative methods of discovery exist, including Defendant's own records of the text messages it sent. Indeed, in Bratcher, the court denied a motion to compel a plaintiff's cell phone to locate calling records. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

7. If You are unable to produce the browser history in response to Request for Production No. 5, please produce the device(s) identified in Your answer to Interrogatory No. 5 for forensic examination.

**RESPONSE:**

Plaintiff objects to this request insofar as it seeks documents or device access other than the telephone, text messages, or allegations at issue in this case and includes information not

relevant to any party's claim or defense, nor does it relate in any manner to whether Defendant sent unsolicited text messages; as a result, the request is not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks forensic examination of any device Plaintiff used to access the internet during the several-month period described in Interrogatory No. 5, even though internet usage has no relevance in a TCPA text-message action. As such, production of forensic images of completely irrelevant information contained on those devices is unduly burdensome on Plaintiff. Moreover, the aforementioned forensic imaging will unquestionably implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes, and concerns unsolicited telemarketing text messages directed to Plaintiff's personal mobile phone. Plaintiff further objects in that such image would also contain confidential, copyrighted, trade secret, and other highly sensitive and personal information, including information which, if viewed or released, would constitute irreparable financial and other injury, including professional injury, to Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such devices in his possession, care, custody, or control, and insofar as this request seeks information and devices which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff further objects insofar as the request appears designed to allow Defendant to search for or manufacture alleged consent evidence. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or seeks information

protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want a complete copy of any electronic device the Plaintiff has so much as "used" in almost a two-year period. As such, production of the aforementioned devices is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. See Stewart; John B.; United Artists. There is simply no utility and a high level of intrusiveness in asking for the production of a Plaintiff's electronic devices in a TCPA matter, particularly where less intrusive but nevertheless probative methods of discovery exist, including Defendant's own records of the text messages it sent. Indeed, in Bratcher, the court denied a motion to compel a plaintiff's cell phone to locate calling records. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

8. Please produce Your cell phone records, including text messaging logs and data usage logs, between October 1, 2024 until May 31, 2025 for each phone identified in Your answer to Interrogatory No. 1.

**RESPONSE:**

Plaintiff objects that this request is overly broad, seeks irrelevant information, and is not proportional to the needs of the case because it seeks comprehensive cell phone records—including all text logs, call logs, and data usage records—most of which have no connection to the allegations in this action. Plaintiff further objects that the request invades Plaintiff's privacy by seeking unrelated personal communications and usage information. Plaintiff also objects to the extent the request seeks documents already within Defendant's possession, custody, or control, including

records of the text messages sent by or on behalf of Defendant. Subject to the foregoing, Plaintiff will produce the screenshots of the text messages he received from SAVEAROUND that are in his possession, custody, or control.

9. Please produce copies of all text messages You received from SAVEAROUND.

**RESPONSE:**

Plaintiff objects that this request is duplicative of other discovery requests and is overly broad to the extent it is interpreted to seek anything beyond the specific text messages alleged in the Complaint, and further objects that it is not proportional to the needs of the case. Plaintiff further objects to the extent the request seeks documents already within Defendant's possession, custody, or control. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control.

10. Please produce all communications with any third party (other than Your attorney), including advocacy groups or potential class members, concerning this litigation.

**RESPONSE:**

Plaintiff objects that this request is overbroad, vague, and seeks information not relevant to any claim or defense. Subject to the foregoing, Plaintiff has no responsive documents in his possession, custody, or control.

11. Please produce all social media posts, emails, or text messages referencing the text messages alleged in Your Complaint, other than those with Your attorney.

**RESPONSE:**

Plaintiff objects that this request is overly broad, unduly invasive of privacy, and not proportional to the needs of the case. Subject to the foregoing, Plaintiff has no responsive documents in his possession, custody, or control.

12. Please produce all Documents you received from any Person or entity inviting You to join or participate in any lawsuit or claim under the TCPA or the NCTSA.

**RESPONSE:**

Plaintiff objects that this request is overbroad, seeks irrelevant information, and is not proportional to the needs of the case. Plaintiff further objects to the extent the request seeks communications protected by the attorney–client privilege or work-product doctrine. Subject to the foregoing, Plaintiff has no responsive documents in his possession, custody, or control.

13. Please produce all Documents reflecting prior or contemporaneous lawsuits or complaints you have filed concerning telemarketing, text messages, or phone calls you received from any Person.

**RESPONSE:**

Plaintiff objects that this request is overbroad, unduly burdensome, and seeks information not relevant to any claim or defense. Plaintiff further objects that the request seeks private personal information concerning Plaintiff's unrelated legal history, is harassing in nature, and seeks documents already within Defendant's possession, custody, or control through publicly accessible court records.

14. Please produce all Documents obtained from any recruiter, website, or online forum

that mention SAVEAROUND, the TCPA, or the NCTSA.

**RESPONSE:**

Plaintiff objects that this request is overbroad, vague, and seeks irrelevant information. Subject to the foregoing, Plaintiff has no responsive documents in his possession, custody, or control.

15. Please produce all non-privileged Documents that mention or refer to SAVEAROUND.

**RESPONSE:**

Plaintiff objects that this request is overbroad and not limited in time or scope, and further objects to the extent it seeks documents already within Defendant's possession, custody, or control. Subject to the foregoing, Plaintiff will produce responsive documents in his possession, custody, or control.

16. Please produce Documents sufficient to show that your phone number(s) identified in Your answer to Interrogatory No. 1 were listed on the National Do-Not-Call Registry, and the dates of such listings.

**RESPONSE:**

Plaintiff objects that this request seeks documents equally available to both parties through publicly accessible government databases. Subject to the foregoing, Plaintiff will produce the document in his possession, custody, or control showing that his telephone number [redacted]1871 is registered on the National Do-Not-Call Registry.

## REQUESTS FOR ADMISSION

1. Please admit You visited https://savearound.com/ on October 15, 2024.

**RESPONSE:**

Plaintiff objects that this request assumes facts not in evidence and lacks foundation as to whether Plaintiff visited the specific webpage on the date stated. Subject to the foregoing, Plaintiff DENIES this request.

2. Please admit You entered Your cellphone number on https://savearound.com/ on October 15, 2024.

**RESPONSE:**

Plaintiff objects that this request assumes facts not in evidence and lacks foundation. Subject to the foregoing, Plaintiff DENIES this request.

3. Please admit following the entry of your phone number on https://savearound.com/ on October 15, 2024, You pressed the "Text Me The Discount Code" button.

**RESPONSE:**

Plaintiff objects that this request assumes facts not in evidence and mischaracterizes Plaintiff's conduct. Subject to the foregoing, Plaintiff DENIES this request.

4. Please admit after You pressed the "Text Me The Discount Code" button on https://savearound.com/ on October 15, 2024, You received a text message with verification code 3965.

**RESPONSE:**

Plaintiff objects that this request assumes facts not in evidence, including that Plaintiff ever accessed the referenced webpage or received the referenced code. Subject to the foregoing, Plaintiff DENIES this request.

5. Please admit You entered verification code 3965 into a popup on https://savearound.com/ on October 15, 2024.

**RESPONSE:**

Plaintiff objects that this request assumes facts not in evidence and misstates the facts of the case. Subject to the foregoing, Plaintiff DENIES this request.

6. Please admit that SAVEAROUND's text messages identified the sender as SAVEAROUND.

**RESPONSE:**

Plaintiff objects that this request seeks confirmation of the content of Defendant's own communications, which are equally within Defendant's possession, custody, or control. Subject to the foregoing, Plaintiff ADMITS this request.

7. Please admit that SAVEAROUND's text messages contained a method for opting out.

**RESPONSE:**

Plaintiff objects that this request assumes all messages were uniform and that any opt-out mechanism was functional or conspicuous. Subject to the foregoing, Plaintiff DENIES this request.

8. Please admit You never replied "STOP" to any SAVEAROUND message.

**RESPONSE:**

Plaintiff objects that this request is vague as to the relevant time period but otherwise understandable. Subject to the foregoing, Plaintiff ADMITS this request.

9. Please admit You gave prior express written consent to receive automated marketing text messages from SAVEAROUND.

**RESPONSE:**

Plaintiff objects that this request calls for a legal conclusion regarding what constitutes "prior express written consent" under the TCPA. Subject to the foregoing, Plaintiff DENIES this request.

10. Please admit You gave prior express invitation or permission to receive automated marketing text messages from SAVEAROUND.

**RESPONSE:**

Plaintiff objects that this request calls for a legal conclusion and assumes facts not in evidence. Subject to the foregoing, Plaintiff DENIES this request.

11. Please admit You were not charged by Your cellphone carrier for receiving any text messages from SAVEAROUND.

**RESPONSE**

Plaintiff objects that this request calls for information outside Plaintiff's current knowledge and personal billing records, and assumes a particular definition of "charged." Subject to the

foregoing, Plaintiff states that he lacks sufficient information to admit or deny this request.

12. Please admit that You did not suffer any monetary loss as a result of receiving any text messages from SAVEAROUND.

**RESPONSE:**

Plaintiff objects that this request is vague and ambiguous as to "monetary loss" and calls for a legal conclusion regarding damages. Subject to the foregoing, Plaintiff DENIES this request.

13. Please admit that You did not suffer any physical or psychological injury as a result of receiving any text messages from SAVEAROUND.

**RESPONSE:**

Plaintiff objects that this request is vague, irrelevant, and not proportional to the needs of the case, as the TCPA does not require physical or psychological injury to recover statutory damages. Subject to the foregoing, Plaintiff DENIES this request.

14. Please admit that You voluntarily provided Your phone number through SAVEAROUND's website.

**RESPONSE:**

Plaintiff objects that this request assumes facts not in evidence and mischaracterizes the basis of Plaintiff's claims. Subject to the foregoing, Plaintiff DENIES this request.

15. Please admit that SAVEAROUND ceased sending text messages to You upon Your first request to stop.

**RESPONSE:**

Plaintiff objects that this request assumes Plaintiff personally made a "request to stop," which he did not. Subject to that objection, and answering to the extent the request seeks admission as to the sequence of events, Plaintiff admits that no further text messages were sent after pre-suit correspondence was sent by Plaintiff's counsel on April 22, 2025, and denies the request in all other respects.

16. Please admit that you could have blocked SAVEAROUND's text messages but chose not to.

**RESPONSE:**

Plaintiff objects that this request is vague and assumes technical ability or knowledge irrelevant to Defendant's statutory obligations under the TCPA, and further objects that it improperly shifts Defendant's burden of proving consent onto Plaintiff. Subject to the foregoing, Plaintiff DENIES this request.

Date: November 17, 2025

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich,
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 17, 2025, this document was sent electronically to the registered participants as identified on the electronic filing notice

by: *[/s/ Andrew W. Heidarpour]*
Andrew W. Heidarpour
E-mail: AHeidarpour@HLFirm.com
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorney for Plaintiff*