# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:25-CV-000973-D-BM

| | | |
|---|---|---|
| JASON HEWETT, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | **PLAINTIFF'S RESPONSES TO** |
| | ) | **ENJOY THE CITY NORTH, INC.** |
| Plaintiff, | ) | **d/b/a SAVEAROUND'S** |
| | ) | **SECOND SET OF DISCOVERY** |
| v. | ) | **REQUESTS** |
| | ) | |
| | ) | |
| ENJOY THE CITY NORTH, INC. | ) | |
| d/b/a SAVEAROUND, | ) | |
| | ) | |
| Defendant. | ) | |

## REQUESTS FOR PRODUCTION

17. Please produce for forensic inspection Plaintiff's device(s) you contend received any of the text messages alleged in your Complaint, including any replacement or backup device used from October 1, 2024 until May 31, 2025. The inspection shall consist of a forensic image of the device(s), to be performed by a forensic expert of Defendant's choosing, limited to retrieval and preservation of:

    a.    All text messages, call logs, and messaging application data (including SMS, MMS, iMessage, WhatsApp, or similar) showing communications allegedly sent by Defendant;

    b.    Metadata associated with such communications (including timestamps, sender IDs, and device identifiers); and

    c.    Information sufficient to identify any deletion, modification, or restoration of relevant message data.

**RESPONSE:**

Plaintiff objects to this request insofar as it seeks materials other than the telephone number or texts at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks to inspect Plaintiff's personal mobile device and any alleged "replacement or backup" device used during an eight-month period, even though this TCPA action concerns a limited set of unsolicited telemarketing text messages, not the entirety of Plaintiff's device contents. Moreover, production of forensic images or the devices themselves of completely irrelevant information contained on those devices is unduly burdensome on Plaintiff. Moreover, the aforementioned inspection and/or forensic imaging will unquestionably implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes and concerns unsolicited telemarketing text messages directed to Plaintiff's personal mobile phone. Plaintiff further objects in that such image or inspection would also permit access to or contain confidential, copyrighted, trade secret, and other highly sensitive and personal information, including information which if viewed or released would constitute irreparable financial and other injury, including possible professional injury, on Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such devices in his possession, care, custody, or control, and insofar as this request seeks information and devices which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that any information obtained therefrom

2

may be used to attempt to manufacture consent evidence. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or which also seeks information which is protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want to view or get a complete copy of Plaintiff's personal mobile device and any alleged replacement or backup device used during the requested eight-month period, rather than limiting itself to the specific unsolicited text messages at issue. As such, production of the aforementioned devices is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. *See, e.g., Stewart v. First Transit, Inc.*, No. CV 18-3768, 2019 WL 13027112, at \*1 (E.D. Pa. Sept. 3, 2019). As such, Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the Plaintiff is withholding discoverable information. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). As yet another court has observed, "A court considering whether to compel a forensic analysis of a party's electronic devices "must be mindful of the potential intrusiveness" and "weigh inherent privacy concerns against its utility." *United Artists Corp. v. United Artist Studios LLC*, No. 219CV00828MWFMAAX, 2019 WL 9049050, at \*9 (C.D. Cal. Oct. 7, 2019) (citing *John B.*, *supra*). There is simply no utility and a high level of intrusiveness of asking for the production of a Plaintiff's electronic devices in a TCPA matter, particularly, as less intrusive but nevertheless probative methods of discovery exist. Indeed, in *Bratcher v. Navient Sols., Inc.*,

3

249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017), the court denied a motion to compel a *plaintiff's* cell phone in an attempt to find calling records, not even all information contained therein, as here with messaging data. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

18.     Please produce for forensic inspection Plaintiff's web browser history, cached data, cookies, and download records from any device, computer, or table used from October 1, 2024 until May 31, 2025. The inspection shall consist of a forensic image of the device(s), to be performed by a forensic expert of Defendant's choosing, limited to the retrieval and preservation of all web browser history, cached data, or download records reflecting any visits to websites, webpages, or online forms operated by or on behalf of Defendant, including but not limited to:

    a.     Any website or landing page associated with Defendant; and

    b.     Any online form or registration page through which a user could provide a telephone number or consent to receive text messages from Defendant.

**RESPONSE:**

Plaintiff objects to this request insofar as it seeks materials other than the telephone number or texts at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant's alleged TCPA violations, and as a result is not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks to inspect any device, computer, or tablet Plaintiff used during an eight-month period for purposes of extracting internet-browsing data, even though internet activity is irrelevant to the unsolicited text messages forming the basis of this action. Moreover, production of forensic images or the devices themselves of completely

4

irrelevant information contained on those devices is unduly burdensome on Plaintiff. Moreover, the aforementioned inspection and/or forensic imaging will unquestionably implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes and concerns unsolicited telemarketing text messages directed to Plaintiff's personal mobile phone, not Plaintiff's internet activity. Plaintiff further objects in that such image or inspection would also permit access to or contain confidential, copyrighted, trade secret, and other highly-sensitive and personal information, including information which if viewed or released would constitute irreparable financial and other injury, including possible professional injury, on Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such devices in his possession, care, custody, or control, and insofar as this request seeks information and devices which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or which also seeks information which is protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want to view or get a complete copy of all browser-history-related content across every device Plaintiff used during

5

the eight-month period, rather than limiting itself to the discrete unsolicited text messages underlying this litigation. As such, production of the aforementioned devices is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. *See, e.g., Stewart v. First Transit, Inc.*, No. CV 18-3768, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019). As such, Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the Plaintiff is withholding discoverable information. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). As yet another court has observed, "A court considering whether to compel a forensic analysis of a party's electronic devices must be mindful of the potential intrusiveness and weigh inherent privacy concerns against its utility." *United Artists Corp. v. United Artist Studios LLC*, No. 219CV00828MWFMAAX, 2019 WL 9049050, at *9 (C.D. Cal. Oct. 7, 2019) (citing *John B., supra*). There is simply no utility and a high level of intrusiveness of asking for the production of a Plaintiff's electronic devices in a TCPA matter, particularly, as less intrusive but nevertheless probative methods of discovery exist. Indeed, in *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017), the court denied a motion to compel a *plaintiff's* cell phone in an attempt to find calling records, not even all information contained therein, as here with browsing data. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

19.     Please produce the forensic image of Plaintiff's cell phone referenced in Your October 31, 2025 Rule 408 Settlement Letter.

**RESPONSE:**

Plaintiff objects to this request insofar as it seeks or relies upon statements contained in a

6

Rule 408 settlement communication, which is inadmissible and not discoverable for the purposes for which Defendant appears to be using it, and insofar as it seeks materials other than the telephone number or texts at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks to inspect and obtain a complete forensic image of Plaintiff's personal mobile device, as allegedly referenced in a recent settlement communication. Moreover, production of forensic images or the devices themselves of completely irrelevant information contained on those devices is unduly burdensome on Plaintiff. Moreover, the aforementioned inspection and/or forensic imaging will unquestionably implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes and concerns unsolicited telemarketing text messages directed to Plaintiff's personal mobile phone. Plaintiff further objects in that such image or inspection would also permit access to or contain confidential, copyrighted, trade secret, and other highly-sensitive and personal information, including information which if viewed or released would constitute irreparable financial and other injury, including possible professional injury, on Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such a forensic image in his possession, care, custody, or control, as any such image – if it exists – would be in the possession of counsel or a litigation vendor and would constitute protected attorney work product. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications,

7

common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or which also seeks information which is protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want to view or get a complete copy of a forensic image created in the course of anticipated litigation, rather than limiting itself to the specific unsolicited text messages at issue. As such, production of the aforementioned devices is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. *See, e.g., Stewart v. First Transit, Inc.*, No. CV 18-3768, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019). As such, Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the Plaintiff is withholding discoverable information. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). As yet another court has observed, "A court considering whether to compel a forensic analysis of a party's electronic devices must be mindful of the potential intrusiveness and weigh inherent privacy concerns against its utility." *United Artists Corp. v. United Artist Studios LLC*, No. 2:19-CV-00828-MWF-MAAX, 2019 WL 9049050, at *9 (C.D. Cal. Oct. 7, 2019) (citing *John B., supra*). There is simply no utility and a high level of intrusiveness of asking for the production of a Plaintiff's electronic devices in a TCPA matter, particularly, as less intrusive but nevertheless probative methods of discovery exist. Indeed, in *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017), the court denied a motion to compel a *plaintiff's* cell phone in an attempt to find calling records, not even all information contained therein. As such, any production sought, even if limited in

8

scope, unlike here, is clearly not proportional to the needs of the case.

20.     Please produce all forensic images generated from any device used by Plaintiff between October 1, 2024 and May 31, 2025.

**RESPONSE:**

Plaintiff objects to this request insofar as it seeks materials other than the telephone number or texts at issue in this case and includes information not relevant to any party's claim or defense, does not relate in any manner to Defendant, and as a result is not proportional to the needs of the case. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks to inspect "all forensic images generated from any device used" by Plaintiff during an eight-month period, which is vague and confusing. Moreover, production of forensic images or the devices themselves of completely irrelevant information contained on those devices is unduly burdensome on Plaintiff. Moreover, the aforementioned inspection and/or forensic imaging will unquestionably implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes and concerns unsolicited telemarketing text messages directed to Plaintiff's personal mobile phone. Plaintiff further objects in that such image or inspection would also permit access to or contain confidential, copyrighted, trade secret, and other highly-sensitive and personal information, including information which if viewed or released would constitute irreparable financial and other injury, including possible professional injury, on Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such forensic images in his possession, care, custody, or control, and insofar as this request seeks

9

information and images which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or which also seeks information which is protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want to view or get a complete copy of any and all forensic images from all devices Plaintiff used during the requested period, rather than limiting itself to the specific unsolicited text messages at issue. As such, production of the aforementioned devices is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. *See, e.g., Stewart v. First Transit, Inc.*, No. CV 18-3768, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019). As such, Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the Plaintiff is withholding discoverable information. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). As yet another court has observed, "A court considering whether to compel a forensic analysis of a party's electronic devices must be mindful of the potential intrusiveness and weigh inherent privacy concerns against its utility." *United Artists Corp. v. United Artist Studios LLC*, No. 219CV00828MWFMAAX, 2019 WL 9049050, at *9 (C.D. Cal. Oct. 7, 2019) (citing *John B., supra*). There is simply no utility and a

10

high level of intrusiveness of asking for the production of a Plaintiff's electronic devices in a TCPA matter, particularly, as less intrusive but nevertheless probative methods of discovery exist. Indeed, in *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017), the court denied a motion to compel a *plaintiff's* cell phone in an attempt to find calling records, not even all information contained therein. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

Date:  December 8, 2025                                Respectfully submitted,

                                                              */s/ Anthony I. Paronich*
                                                              Anthony I. Paronich,
                                                              Paronich Law, P.C.
                                                              350 Lincoln Street, Suite 2400
                                                              Hingham, MA 02043
                                                              (508) 221-1510
                                                              anthony@paronichlaw.com

                                                              *Counsel for Plaintiff*

11

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on December 8, 2025, this document was sent electronically to the registered participants as identified on the electronic filing notice

by: */s/ Andrew W. Heidarpour*
Andrew W. Heidarpour
E-mail: AHeidarpour@HLFirm.com
Heidarpour Law Firm, PLLC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorney for Plaintiff*

12