# EXHIBIT 8

# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

**THIS CONFIDENTIAL COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT** ("Agreement") is voluntarily and knowingly entered into as of the last date set forth on the signature page ("Effective Date") by and between Jason Hewett ("Plaintiff") and Enjoy the City North, Inc. d/b/a SaveAround ("SaveAround"). In the remainder of this Agreement, Plaintiff and SaveAround may be referred to collectively as the "Parties." This Agreement is entered into for the purpose of resolving by compromise certain disputes pursuant to the terms provided. The Parties are executing this Agreement with respect to the following matters:

## RECITALS

**WHEREAS**, SaveAround sells coupon book and related goods and services;

**WHEREAS**, Plaintiff is a resident of North Carolina;

**WHEREAS**, on May 21, 2025, Plaintiff filed a putative class-action lawsuit in the United States District Court for the Eastern District of North Carolina, Case No. 7:25-cv-00973, alleging that, in violation of the Telephone Consumer Protection Act ("TCPA"), he received text message calls advertising SaveAround goods and services ("Action");

**WHEREAS**, SaveAround denies the allegations set forth by Plaintiff in the Action, and expressly denies any liability to Plaintiff or anyone else in connection with the allegations asserted in the Action;

**WHEREAS**, Plaintiff denies any allegations set forth by SaveAround in the Action, and expressly denies any liability to SaveAround or anyone else in connection with the allegations asserted in the Action;

**WHEREAS**, the Parties wish to avoid the additional expenses and disruption of litigation and have engaged in settlement negotiations and have resolved all disputes and claims existing between and among them related to the Action as well as those that could have been brought, as more fully described herein and in accordance with the terms and conditions of this Agreement.

**WHEREAS**, the Parties acknowledge that they enter into this Agreement freely and voluntarily and without duress, coercion, deception, or fraud.

**NOW, THEREFORE**, in consideration of the mutual covenants, releases, representations, and obligations set forth below, and for good and valuable consideration given hereunder, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. In resolution of all claims brought or that could have been brought by Plaintiff in the Action, it is hereby agreed that:

a. In exchange for the foregoing releases, within five (5) days of the execution of this Agreement, Plaintiff agrees to dismiss his claims against SaveAround with prejudice, the putative Class claims without prejudice and Plaintiff's counsel shall execute and file any documents that are necessary to dismiss, withdraw and/or close the Action with prejudice.

2. <u>Release</u>. Upon execution of this Agreement by the Parties, and except for the rights, duties and obligations set forth in this Agreement, Plaintiff and his agents, servants, employees, representatives, contractors, assigns, heirs, executors, trustees, joint venturers, partners, attorneys, and any contractors employed by Plaintiff, and each of them, and SaveAround, and their agents, servants, employees, representatives, contractors, assigns, heirs, executors, trustees, joint venturers, partners, attorneys, and any contractors employed by SaveAround, do hereby mutually, absolutely, fully, and forever release, relieve, waive, relinquish, and discharge each other, their current, former, and future parents, affiliates, subsidiaries, and franchisees, and each of their respective officers, directors, shareholders, members, agents, servants, employees, contractors, insurers, representatives, predecessors, successors, assigns, servicers, and attorneys of and from any and all causes of action, suits and liabilities, now, heretofore existing at law or in equity, whether known or unknown, arising out of or relating to the Action. The Parties further agree that they shall not file any claims, complaints, affidavits, arbitrations, or proceedings with any federal, state, or local law enforcement, regulatory or administrative commission, group, board, or person, whether public or private regarding any acts, failures to act, omissions, facts, events, allegations, misrepresentations, transactions, occurrences, sanctions, conduct, or other matters that relate to the Action, and any such claims, complaints, affidavits, arbitrations, or proceedings filed prior to the execution of this Agreement shall be dismissed or withdrawn. This, however, is not a covenant not to sue a Party or its aforementioned affiliates in the future for future conduct. The Parties further mutually release any and all claims, charges, or demands they may have for any attorneys' fees and costs, including litigation expenses or costs, incurred in connection with this matter.

3. The Parties hereby acknowledge that they may hereafter discover facts different from, or in addition to, those which they now believe to be true with respect to the claims released herein, and agree that this Agreement shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts with respect to the claims released herein.

4. The Parties represent and warrant that they have not heretofore assigned, hypothecated, or otherwise transferred, or attempted to assign, hypothecate, or transfer, any claims released in this Agreement and that there are no other persons or entities that have not executed this Agreement as a releasing party that have any interest in any such claim or claims arising out of, or relating in any way, to the claims asserted in the Action.

5. Each party represents and warrants to the other party that the person executing this Agreement on their or its behalf has full authority and capacity to execute this Agreement and to give the releases and other promises contained herein.

6. This Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by any party of any liability of any kind.

7. The Parties have entered into this Agreement as a means of compromising, settling and resolving all questions, issues, duties, obligations, and responsibilities between them relating to the claims asserted in the Action. Nothing in this Agreement shall be interpreted or construed as a concession or admission by any of the Parties with respect to any issue or dispute between them, or with respect to any other person, firm, or entity, and neither this Agreement nor anything in this Agreement or the negotiations leading to it shall be used or offered by any Party or constitute evidence with respect to any such issue or dispute.

8. Confidentiality and Non-Disparagement. The Parties agree that they will keep the terms of this Agreement strictly confidential and may only say that their claims have been resolved. The Parties may not disclose any other information about this Agreement to anyone, except their accountants or financial advisors. If disclosure of the substance of the Parties' claims, defenses, or the terms of this Agreement is sought by subpoena or demanded by a judicial order or other legal process, the Party to whom such disclosure is directed/requested shall give all of the Parties to this Agreement prompt written notice thereof, and copies of all papers seeking disclosure, and all orders compelling disclosure shall be provided as soon as is practicable to the other Parties so that the other Parties may seek to prevent disclosure. In addition to the foregoing, the Parties further agree that they will not directly or indirectly engage in any conduct or communication, including but not limited to, ownership of or participation in any websites and/or other public forums, designed to criticize, denigrate or disparage the other Party, or its parents, subsidiaries, franchisees, or affiliates' business practices related to the claims asserted in, or arising out of, the Action. The Parties agree that this paragraph is an essential and material part of this Agreement.

9. This Agreement may be executed in multiple signature counterparts, each of which shall constitute an original, but all of which taken together shall constitute the signed Agreement.

10. This Agreement constitutes the entire Agreement and understanding between the Parties as to settlement for all claims with respect to the Action, and any and all prior oral or written agreements or understandings between the Parties related hereto are superseded. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Agreement, have been made by any party hereto.

11. It is acknowledged that each party has participated in the drafting of this Agreement and that any claimed ambiguity shall not be construed in favor of or against any party on account of such drafting.

12. This Agreement may be amended only by a subsequent writing signed by or on behalf of each Party hereto which amendment must reference and attach a copy of this Agreement to be effective.

13. No provision of this Agreement may be waived unless in writing signed by all Parties hereto. Waiver of any one provision shall not be deemed to be a waiver of any other provision hereof.

14. Both Parties to this Agreement have carefully read and understand its contents, have been advised by counsel as to its meaning and legal implications, and execute this Agreement voluntarily and knowingly. Plaintiff further acknowledges that he requested and received all information needed to make a knowing and voluntary release of all claims, that he has had a reasonable period of time to review and consider the consequences of this Agreement, and that he had an opportunity to be advised by an attorney of his choice regarding the Agreement.

15. This Agreement shall be governed and interpreted according to the laws of the State of North Carolina.

16. Contemporaneous to the signing of this Agreement, the Parties hereto agree to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Agreement and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Agreement.

**IN WITNESS THEREOF**, the Parties to this Agreement state that they have signed this Agreement freely and voluntarily as of the dates noted below.

**Jason Hewett**

By:_____
Name:_____
Dated: _____, 2025

**Enjoy the City North, Inc. d/b/a SaveAround**

By:_____
Name:_____
Title:_____
Dated: _____, 2025