IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-973-D

| | | |
|---|---|---|
| JASON HEWETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ENJOY THE CITY NORTH, INC., | ) | |
| d/b/a SAVEAROUND, | ) | |
| | ) | |
| Defendant. | ) | |

On May 21, 2025, Jason Hewett ("Hewett" or "plaintiff") filed a putative class action complaint against Enjoy the City North, Inc., d/b/a SaveAround ("SaveAround" or "defendant") [D.E. 1]. On June 17, 2025, SaveAround, proceeding pro se, answered the complaint [D.E. 5]. On June 18, 2025, Hewett moved to strike SaveAround's pro se answer [D.E. 7].

On February 17, 2026, Hewett moved to enforce a settlement agreement he alleges the parties entered or, alternatively, to dismiss the action with prejudice [D.E. 29]. See Fed. R. Civ. P. 41(a)(2). On March 17, 2026, SaveAround responded in opposition to the motion to enforce the alleged settlement agreement, stated that it did not oppose voluntary dismissal with prejudice [D.E. 34], and filed a declaration in support [D.E. 33]. On March 31, 2026, Hewett replied [D.E. 37].

Federal Rule of Civil Procedure 41(a)(2) authorizes the court to grant a plaintiff's motion to voluntarily dismiss the action after a party has served an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(2); United States ex rel. Polansky v. Exec. Health Res., Inc., 599 U.S. 419, 435 (2023); cf. Fed. R. Civ. P. 41(a)(1). A court should grant a plaintiff's motion for voluntary dismissal "absent plain legal prejudice to the defendant." Ellett Bros., Inc. v. U.S. Fid. & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001); see Howard v. Inova Health Care Servs., 302

F. App'x 166, 178 (4th Cir. 2008) (per curiam) (unpublished); <u>Bridge Oil, Ltd. v. Green Pac. A/S</u>, 321 F. App'x 244, 245 (4th Cir. 2008) (per curiam) (unpublished). "A district court may dismiss an action with prejudice under [Rule] 41(a)(2)." <u>Miller v. Terramite Corp.</u>, 114 F. App'x 536, 539 (4th Cir. 2004) (unpublished); <u>see</u> <u>Choice Hotels Int'l, Inc. v. Goodwin & Boone</u>, 11 F.3d 469, 471 (4th Cir. 1993). In analyzing a Rule 41(a)(2) motion, a district court should consider "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." <u>Howard v. Inova Health Care Servs.</u>, 302 F. App'x 166, 179 (4th Cir. 2008) (per curiam) (unpublished) (cleaned up); <u>see</u> <u>Winyah Rivers All. v. Active Energy Renewable Power, LLC</u>, No. 7:21-CV-43, 2023 WL 4471483, at *1–2 (E.D.N.C. July 11, 2023) (unpublished) <u>Floyd v. McMahon</u>, No. 5:15-CT-3309, 2019 WL 1387689, at *2 (E.D.N.C. Mar. 27, 2019) (unpublished).

"SaveAround does not anticipate that it would be prejudiced in any way" by voluntary dismissal with prejudice and does not oppose voluntary dismissal with prejudice. [D.E. 34] 24. Moreover, the court granted the parties' joint motion to stay the discovery and dispositive motion deadlines. <u>See</u> [D.E. 36]. Thus, the court finds that SaveAround will not be prejudiced by granting Hewett's motion to voluntarily dismiss the complaint with prejudice. Having granted Hewett's request to dismiss the complaint with prejudice under Rule 41(a)(2), the court need not decide the parties' dispute about the alleged settlement agreement. Thus, the court grants Hewett's motion under Rule 41(a)(2).

As for Hewett's motion to strike SaveAround's <u>pro</u> <u>se</u> answer to the complaint, SaveAround obtained counsel and filed an answer through counsel. <u>See</u> [D.E. 16]. Thus, the court denies as moot Hewett's motion to strike the answer.

2

In sum, the court GRANTS plaintiff's motion under Rule 41(a)(2) [D.E. 29], DENIES AS MOOT plaintiff's motion to strike [D.E. 7], and DISMISSES WITH PREJUDICE the action.

SO ORDERED. This 28 day of May, 2026.

JAMES C. DEVER III
United States District Judge